IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LAVERNE J. BATTEN,                                              ORDER

    Plaintiff,

                                                          12-cv-211-wmc

    v.

SOLID CARBON PRODUCTS, LLC,

    Defendant.

---

On March 27, 2012, defendant Solid Carbon Products, LLC filed a notice of removal of this case from the Circuit Court for Richland County, Wisconsin. Because the notice fails to establish a basis for the exercise of federal jurisdiction, the court will give Solid Carbon until Wednesday, June 20, 2012, to supplement the notice.

BACKGROUND

In the underlying complaint, plaintiff Laverne J. Batten seeks a declaration that various clauses in a non-competition agreement he entered into with Solid Carbon are unenforceable. As the basis for jurisdiction, Solid Carbon relies on 28 U.S.C. § 1332(a), which provides that federal courts have original jurisdiction over all civil actions where the action is between citizens of different States and the amount in controversy exceeds $75,000. Solid Carbon's motion to dismiss for improper venue (dkt. #3) is now ready for decision, but the court cannot entertain the motion because defendant's notice of removal fails to support its invocation of diversity jurisdiction.

Solid Carbon Products, LLC is a limited liability company, but did not it must provide the names and citizenship of each member of the LCC. In addition, Solid Carbon fails to allege Batten's state of citizenship, not merely his current residency. Failure to do so will result in the case being remanded to state court.

OPINION

Because "[f]ederal courts are courts of limited jurisdiction," *Int'l Union of Operating Eng'r, Local 150, AFL-CIO v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009) (citation omitted), they "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1193 (2010). Unless the complaint or notice of removal raises a federal question or alleges complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000, the case must be dismissed for want of subject matter jurisdiction. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009). In determining whether removal is proper under § 1441, the Seventh Circuit advises that a district court must construe the removal statute narrowly and resolve any doubts regarding subject matter jurisdiction in favor of remand. *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993); *Illinois v. Kerr-McGee Chemical Corp.*, 677 F.2d 571, 576 (7th Cir. 1982).

As the party seeking to invoke federal jurisdiction, Solid Carbon bears the burden of establishing jurisdiction. *Smart*, 562 F.3d at 802-03. Specifically, it must establish

that there is complete diversity, meaning that "no plaintiff may be a citizen of the same state as any defendant." *McCready v. eBay, Inc.*, 453 F.3d 882, 891 (7th Cir. 2006) (quotation omitted). Here, the allegations in Solid Carbon's notice of removal are insufficient to establish the citizenship of either party.

Solid Carbon Products alleges that it is a Utah limited liability company with its principal place of business in Utah. (Dkt. #1, at ¶ 8.) However, "[f]or diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members." *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007). To establish complete diversity exists, Solid Carbon must provide a list of all of its members and proof of the citizenship of each of those members. Moreover, if any of its members are themselves limited liability companies, partnerships or other similar entities, then the citizenship of those members and partners must also be alleged; "the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be." *Meyerson v. Harrah's E. Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002).[1]

With respect to Batten, Solid Carbon alleges only that he is a resident of Wisconsin. (Dkt. #1, at 2.)[2] An individual is a citizen of the state in which she is domiciled, which is "the place one intends to remain." *Dakuras v. Edwards*, 312 F.3d 256,

---

[1] Solid Carbon Products also attached the notice of removal filed by Batten in the mirror image suit filed in Utah. In that notice of removal, Batten alleges that "[u]pon information and belief, each member of SCP is a citizen of a state other than Wisconsin for the purposes of diversity jurisdiction." (Dkt. #1-3, at ¶ 6.) However, mere allegations that a party is *not* a citizen of a state are insufficient to establish diversity jurisdiction.

258 (7th Cir. 2002). As a result, a person has only one domicile, but may have several residences. "Residence and citizenship are not synonyms and it is the latter that matters for purposes of diversity jurisdiction." *Meyerson*, 299 F.3d at 617.

Solid Carbon must establish each party's citizenship status before the case can proceed. Rather than precipitously dismissing this action for lack of subject matter jurisdiction and remanding to the state court, the court will give Solid Carbon leave to file a supplement to its notice of removal establishing subject matter jurisdiction by alleging the names and citizenship of each member of Solid Carbon Products and alleging Batten's citizenship.

ORDER

IT IS ORDERED that:

1) defendant Solid Carbon Products shall have until Wednesday, June 20, 2012, to file and serve a supplement to its notice of removal containing good faith allegations sufficient to establish complete diversity of citizenship for purposes of determining subject matter jurisdiction under 28 U.S.C. § 1332; and

2) failure to amend timely shall result in prompt dismissal of this matter for lack of subject matter jurisdiction and remand to the state court.

Entered this 13th day of June, 2012.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

---

[2] The paragraph is incorrectly numbered as ¶ 13.